# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. VICTOR HUGO GUTIERREZ-CANCHOLA (3), ALFREDO BELTRAN-ROMERO (4), and CLAUDIA GUADALUPE FLORES-CORDOVA (5). Defendants. | CASE NO. 07cr741WQH<br>ORDER EXCLUDING TIME |

Hayes, Judge:

The matter before the Court is the motion to declare case complex (#20-2) filed by Defendant Alfredo Beltran-Romero filed on June 11, 2007 and joined in by all Defendants.

Defendants move the Court pursuant to 18 U.S.C. § 3161(h)(8) for an extension of the seventy day statutory maximum trial date on the grounds that additional time is needed to review voluminous discovery "likely to be in the hundreds of thousands of pages." (Doc. # 20-2 at 6.) Defendants assert that additional time is required to conduct extensive investigation necessary in order to attack on the validity of various wiretaps; and to challenge executed search warrants and consensual searches. Defendants request that the Court make a finding of complexity and exclude the period of time necessary to allow the defense counsel and the Defendants an opportunity to review and organize the voluminous discovery and to conduct the required extensive investigation.

## APPLICABLE LAW

18 U.S.C. Section 3161(c)(1) of the Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Section 3161(h)(8)(A) provides that the Court may exclude any period of delay resulting from a continuance at the request of either party "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Factors which a judge shall consider in determining whether to grant a continuance under subparagraph (A) include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established...." Section 3161(h)(8)(B)(ii). "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). The findings of the Court must be set forth with particularity. *Id.*

## ANALYSIS

On July 2, 2007, this Court held a hearing regarding the motion to declare this case complex. All defendants agreed that the case should be declared complex because of the amount of time required by defense counsel to obtain, review and evaluate the voluminous discovery; and the amount of time required to prepare the motions necessary to challenge the government's evidence.

Discovery is proceeding expeditiously. The Court grants the motion to declare case complex based upon the complexity of the discovery and the investigation required to adequately review and evaluate the evidence. It is not reasonable to expect adequate

preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. The facts presented demonstrate that the ends of justice are served by granting a reasonable period of excludable delay to allow the extensive discovery to be obtained and evaluated by defense counsel outweighs the best interests of the public and the defendant in a speedy trial. It is not in the best interest of the public or the defendants to require that the defendants proceed to trial without adequate time for defense counsel to evaluate the government's evidence and to attempt to evaluate the evidence.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Declare the Case Complex (#20-2) is granted and a period of excludable delay from June 11, 2007 to August 24, 2007 is allowed pursuant to Section 3161(h)(8)(A). A further hearing is scheduled in this matter for Friday, August 24, 2007 at 1p.m.

DATED: July 5, 2007

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge